H. LEE CLIFTON and MARY L. CLIFTON, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Clifton v. Commissioner
Docket Nos. 14181-78, 17442-80, 6293-81, 26660-81.
United States Tax Court
T.C. Memo 1983-141; 1983 Tax Ct. Memo LEXIS 645; 45 T.C.M. (CCH) 999; T.C.M. (RIA) 83141; March 17, 1983. Gloria T. Svanas, for the petitioners. Deborah A. Butler, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income tax for the following years: Addition to Tax
Docket No.
Year
Deficiency
Sec. 6653(a) [2]
14181-78
1975
$1,127.36
$56.37
1976
1,200.68
60.03
6293-81
1977
585.50
29.28
17442-80
1978
636.84
31.84
26660-81
1979
453.99
22.70
*647 The issues are (1) whether income reported by a "family trust" is taxable to petitioners, (2) whether petitioners are entitled to various deductions, and (3) whether any part of the underpayment with respect to all taxable years in issue is due to negligence. These cases are consolidated for purposes of briefing and opinion.All the facts are stipulated and found accordingly. Petitioners, H. Lee Clifton and Mary L. Clifton, were residents of Austin, Tex., when these petitions were filed. On January 24, 1975, petitioner H. Lee Clifton executed a document entitled "Declaration of Trust of This Pure Trust" on pre-printed forms published by Educational Scientific Publishers.Petitioners transferred their personal residence and its contents, stocks, loans receivable, and savings accounts to the trust. Petitioners and their son, Glenn E. Clifton, were trustees of the trust in 1975. Glenn resigned as trustee on January 26, 1975, and was reappointed by petitioners as trustee in January 1976. Petitioners remained trustees through 1979. The trust instrument provides that upon termination, trust assets are to be distributed to the beneficiaries. All 100 units of beneficial interest *648 were transferred in 1975 to the Glenn E. Clifton Family Estate (A Trust). After creation of the trust, petitioners continued to use the trust assets just as they had before, and petitioners exercised full control over the income generated by the trust assets. This case involves yet another attempt to escape taxation by transferring property to a "family trust." On numerous occasions this Court and the Courts of Appeals have considered similar such attempts and, without exception, the taxpayers' attempts to shift the incidence of taxation have been rejected. , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; and cases cited therein at note 4. [3] This case presents nothing which requires a different result. [4] Accordingly, we hold the income of the trust is taxable to petitioners. No further discussion of this issue is necessary. *649 In each notice of deficiency, respondent disallowed various deductions because petitioners had not established such amounts were expended for the designated purpose. Such claimed deductions included rent on business property, automobile, telephone, dues and subscriptions, postage and customer expenses, and interest on business indebtedness. Since petitioners offered no evidence with respect to any of these deductions, we sustain respondent's determination. See Rule 142(a). [5] Accordingly, we disallow all the claimed deductions for each taxable year before us. We also sustain respondent's assertion of section 6653(a) additions to tax for each of the years in question. As the Ninth Circuit Court of Appeals stated, "No reasonable person would have trusted this scheme to work." . Moreover, petitioners' assertion on brief that they relied on the advice of their accountant is not supported by the record. See . Accordingly, we sustain respondent's assertion that petitioners are liable *650 for an addition to tax under section 6653(a) for each taxable year in issue. To reflect the foregoing, Decisions will be entered for respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Mary L. Clifton, Docket No. 17442-80; Mary L. Clifton, docket No. 6293-81; and Mary L. Clifton, Individuall And As Surviving Widow of H. Lee Clifton, Deceased, docket No. 26660-81. In docket Nos. 14181-78, 6293-81, and 17442-80, respondent issued statutory notices of deficiency to petitioners H. Lee Clifton and Mary L. Clifton. However, H. Lee Clifton died before the notices in docket Nos. 6293-81 and 17442-80 were issued. The petition in docket Nos. 6293-81 and 17442-80 was filed "H. Lee Clifton, Deceased, By Glenn E. Clifton and Mary L. Clifton, Petitioners." Since these petitions were not signed by someone shown to have power to act on the decedent's behalf, this Court dismissed the petitions in docket Nos. 6293-81 and 17442-80 as to "H. Lee Clifton, Deceased, by Glenn E. Clifton" and the captions of these cases were changed to show as petitioner "Mary L. Clifton." See Clifton v. Commissioner,↩ T.C. Memo. 1981-493.
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩
3. The courts rely on three theories: (1) the trust is not recognized for tax purposes since its lacks economic substance, (2) under assignment of income principles, the grantor is taxable on the income, and (3) the trust provisions violate the grantor trust rules under secs. 671-678. ↩
4. That the grantor executes a document stating the trust is irrevocable makes no difference in these flagrant tax avoidance schemes. See also , where a provision of that trust (such provision also present in the instant case) which permitted the trustees to adopt resolutions to cover contingencies is tantamount to a power of revocation.↩
5. All Rules references are to the Tax Court Rules of Practice and Procedure.↩